CASANUEVA, Judge.
In this postdissolution of marriage proceeding, Michael W. McCord contends that the trial court erred in construing a provision of the marital settlement agreement regarding the terms that allowed Anne M. McCord to occasionally use his experimental airplane. We conclude that his contention is meritorious and reverse.
Mr. and Ms. McCord were divorced in December 2010. We look to several written instruments that contain provisions relevant to our determination. The parties’ marital settlement agreement incorporates, in part, their mediation agreement. Section four of the mediation agreement identifies the manner in which the parties equitably distributed their marital assets. The asset in question is a turbo-prop experimental airplane belonging to Mr. *720 McCord that is capable of seating six persons, including a pilot and co-pilot.[1] The parties agreed on the following language regarding Ms. McCord’s use of this asset:
F. Use of airplane — The Wife shall be entitled to use the Husband’s airplane for up to four hours per month for 24 consecutive months and he shall cooperate fully, and she shall be responsible for showing her appreciation to the Pilot thereof; any time not used in any month by the Wife shall be waived. The Husband will pay the fuel, pilots’ fee, and expenses.
The parties successfully adhered to the contractual use provision for the first month after their marriage was dissolved, January 2011. But for February and March, Ms. McCord was unable to use the airplane for lack of a pilot. The Federal Aviation Administration had decreed that due to the experimental nature of the airplane, only Mr. McCord was allowed to pilot it, and he refused to do so for her use. Consequently, she filed a motion to enforce the final judgment and mediation agreement seeking to enforce her contractual right to use Mr. McCord’s airplane. Paragraph three of her motion requested the following relief:
It is requested that the Court enter an order of enforcement retroactive to the date of the agreement and enter a Judgment against the former Husband for the past due months that have not been used as a result of the former Husband’s failure to cooperate and order specifically requiring the former Husband to cooperate going forward or that the former Wife can make her own arrangements at his expense.
At the hearing on Ms. McCord’s enforcement motion, the essence of the parties’ dispute centered on the phrase “fully cooperate.” Ms. McCord advanced the proposition that the agreement did not bar Mr. McCord from personally piloting the airplane and that he must do so to provide the full cooperation required by the contractual provision. She would thus receive the benefit for which she contracted. Mr. McCord’s position can be distilled to the simple proposition that he did not contract to be his former wife’s pilot and that it is improper to read the parties’ contract in that manner.
The trial court found Ms. McCord’s theory persuasive and concluded that Mr. McCord breached the contractual provision.
Discussion
“A marital settlement agreement entered into by the parties and ratified by a final judgment is a contract, subject to the laws of contract.” Ferguson v. Ferguson, 54 So.3d 553, 556 (Fla. 3d DCA 2011). On appeal, review of a trial court’s interpretation of a contract is de novo. Chandler v. Geico Indem. Co., 78 So.3d 1293, 1296 (Fla.2011).
The parties’ marital settlement agreement acknowledged their “desire to define their respective obligations to each other and to record their understanding as to property rights.” In a similar vein, each acknowledged in the marital settlement agreement that “this agreement constitutes the entire contract of the parties” and that its terms were understood. The provision at issue, section 4F, outlines Ms. McCord’s rights to use Mr. McCord’s airplane, which are on a limited basis: no more than four hours per month for a limited term of twenty-four consecutive months. It is to this obligation that Mr. McCord must “cooperate fully” and not *721 obstruct. He is to cooperate fully to make the airplane available for Ms. McCord’s use. This will, in usual circumstances, include insuring the airplane’s availability, flight worthiness, and compliance with necessary and appropriate regulations.
Section 4F further assigns the financial responsibilities that accrue from the use of the airplane. Ms. McCord will be responsible for showing appreciation to the pilot, generally understood to be a tip, and Mr. McCord will pay the fuel, pilots’ fee, and expenses.
We find no language in section 4F that suggests or could be construed to create a personal services obligation on the part of Mr. McCord to be Ms. McCord’s personal pilot. The agreement refers twice to the airplane’s operator and in both instances it does so generically. It requires Ms. McCord to bear the responsibility for demonstrating “her appreciation to the Pilot,” and that Mr. McCord will pay the “pilots’ fee.”
The parties had an opportunity to negotiate for and to require Mr. McCord to be either the primary or default pilot, but the contractual language establishes that this was not done. Interestingly, Mr. McCord’s obligation to pay for the operator of the airplane when Ms. McCord is using it is established in the plural — he will pay the “pilots’ ” fee. This is consistent with the airplane’s ability to seat both a pilot and a co-pilot and to ensure that Ms. McCord was not obligated to pay either.
In summary, an examination of the language utilized by the parties indicates that the use of airplane provision contemplates that a third party to the contract will be hired or contracted to fly the airplane for Ms. McCord. The provision contains no express language requiring Mr. McCord to fly the airplane at any time, much less on those occasions when Ms. McCord invokes her contractual right of use.
To read the equitable distribution provision in the manner suggested by Ms. McCord and adopted by the trial court is to rewrite the parties’ original contract and create a duty of performance for which Mr. McCord neither bargained nor agreed. In this instance, the proper focus is what the contract said and not what it did not say.
Because we remand for further proceedings consistent with this opinion, we observe that Ms. McCord’s pleadings only placed at issue past, not future, performance of the contractual provision. Unless the pleadings are amended or the issue is tried by consent, future performance or breach is not at issue.
Reversed and remanded.
WHATLEY and BLACK, JJ., Concur.

. It appears that the airplane is Mr. McCord's nonmarital asset because it was not part of the equitable distribution scheme that the parties fashioned in their mediated agreement.